UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------x

JOEL S. ARIO, in his official capacity as
Acting Insurance Commissioner of the
Commonwealth of Pennsylvania, as statutory
Liquidator of RELIANCE INSURANCE
COMPANY (IN LIQUIDATION),

        Plaintiff,

-v-                                                    No. 07 Civ. 7454 (LTS)(THK)

CONSTITUTION STATE SERVICES, LLC
f/k/a CONSTITUTION STATE SERVICE
COMPANY,

        Defendant.

----------------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: SEP 0 4 2007

## ORDER

       WHEREAS, this action was commenced by the filing of a Complaint on August 22, 2007; and

       WHEREAS, the Court has reviewed such Complaint to ascertain the basis for assertion of subject matter jurisdiction in this court; and

       WHEREAS, such Complaint asserts that the Court has jurisdiction based on diversity of citizenship (28 U.S.C. § 1332), but diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) requires a demonstration that the action is between citizens of different states and, where one party is a limited liability company (LLC), the LLC's citizenship is the same as that of each member, Strother v. Harte, 171 F. Supp. 2d 203, 205 (S.D.N.Y. 2001), and with respect to the Defendant Constitution State Services, LLC, the Complaint alleges merely that "CSS is a business enterprise organized under Delaware law with its principal place of business in Connecticut";

       WHEREAS, "'subject matter jurisdiction is an unwaivable *sine qua non* for the exercise of federal judicial power,'" E.R. Squibb & Sons v. Accident & Cas. Ins. Co., 160 F.3d 925, 929 (2d Cir. 1998) (citation omitted), and Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action;" it is hereby

       ORDERED, that plaintiff shall, no later than September 14, 2007, file and serve a

Supplement to the Complaint containing allegations sufficient to demonstrate a basis for subject matter jurisdiction in this Court or otherwise show cause in writing as to why this case should not be dismissed for lack of subject matter jurisdiction.


Dated: New York, New York
       September 4, 2007

_____
LAURA TAYLOR SWAIN
United States District Judge